**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**In Re: A.W.**

**FILED**

June 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 13-0025** (Hampshire County 12-JA-07)

**MEMORANDUM DECISION**

Petitioners L.B. and N.B.'s appeal, by counsel V. Alan Riley, arises from the Circuit Court of Hampshire County, wherein they were denied placement of the subject child, A.W., by order entered December 13, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response, in which the DHHR makes no prayer for relief. The guardian ad litem for A.W., Joyce E. Stewart, has filed a response on behalf of the child supporting the circuit court's order as well as a supplemental appendix. The guardian ad litem for A.W.'s sibling B.B., Marla Zelene Harman, has filed a response opposing the circuit court's order. Respondent A.M. has also filed a response supporting the circuit court's order. Petitioners have filed individual reply briefs to the responses from A.M. and both guardians.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Beginning in 2010, the DHHR received a series of referrals alleging drug use by the parents at issue in the abuse and neglect proceedings below. At the time, Respondent Mother had two children, B.B. and C.H.;[1] Respondent Father herein was the biological father to B.B. only. These children became the subject of abuse and neglect proceedings in the circuit court. Following the termination of parental rights to these two children, C.H. was placed in the permanent custody of his maternal grandmother in Virginia, and B.B. was placed in the permanent custody of his paternal grandparents L.B. and N.B., also the petitioners in this matter. Petitioners thereafter adopted B.B. The circuit court ordered sibling visitation between C.H. and B.B.. The children's great-grandmother, A.M., the respondent in this matter, agreed to facilitate visitation by transporting B.B. to C.H.'s home in Virginia. The need for this arrangement stemmed from C.H.'s therapist advising that A.M. should provide transportation in order to avoid trauma to C.H., who was removed from his mother while they were living in petitioners' home. A.M. has a history of foster parenting, having been approved as a foster care provider with the

---

[1]In terms of parental rights or custody determinations, neither B.B. nor C.H. were involved in the abuse and neglect proceeding giving rise to this appeal.

1

Potomac Center and having guardianship of a sixteen-year-old girl who has resided in her home for a number of years.

On May 13, 2012, A.W. was born to Respondent Mother. Three days later, the DHHR sought emergency custody of the child due to the prior termination of parental rights. At that time, Respondent A.M. sought placement of the child, as her father was then unknown. The DHHR placed the child in Respondent A.M.'s home, where she remained throughout the pendency of the abuse and neglect proceedings and remains today. During the abuse and neglect proceedings it was later established that A.W.'s father was the son of the petitioners to this action, and both Petitioner Grandparents and Respondent A.M. motioned to intervene, seeking permanent placement for A.W. After the parents' parental rights to A.W. were terminated, multiple permanency hearings were held and the circuit court granted petitioners' motion to appoint a guardian ad litem for B.B. A permanent placement review committee was convened and issued a report stating that the guardian ad litem for A.W. and a Court Appointed Special Advocates ("CASA") representative recommended that A.W. be placed with Respondent A.M., while the DHHR was unable to make a recommendation for one family over the other due to both homes being approved for placement. Finally, on November 28, 2012, a permanency hearing was held and at least fourteen witnesses provided testimony. Ultimately, the circuit court ruled that A.W. was to be placed with Respondent A.M.

On appeal, petitioners allege that the circuit court erred in the following ways: by placing the child with Respondent A.M., thereby ignoring the statutory preference for placement of children with grandparents; by finding that the grandparent preference applies equally to great-grandparents and grandparents; by placing the child with Respondent A.M., thereby ignoring the statutory preference for reunifying siblings; by finding that removal of the child would disrupt the bond between A.W. and Respondent A.M.; and by finding that Respondent A.M. is the "psychological parent" of A.W.

In support of the first two assignments of error, petitioners argue that the circuit court essentially rewrote West Virginia Code § 49-3-1(a)(3) by interpreting the statute to apply to great-grandparents as well as grandparents. As such, the circuit court erred in failing to give petitioners the statutory preference for placement as required by that code section. In support of the third assignment of error, petitioners argue that the circuit court committed reversible error in failing to apply the preference for sibling reunification as found in West Virginia Code § 49-2-14(e). Petitioners argue that the circuit court's finding of compelling circumstances such that reunification was not warranted was erroneous, as no evidence or facts existed to support the finding. Additionally, petitioners argue that only the DHHR may petition for separation of siblings, and that the DHHR filed no such petition below. In support of the fourth assignment of error, petitioners argue that it was erroneous for the circuit court to find that strong bonding occurred between A.W. and Respondent A.M., and that it was further error to rely on that bonding to deny placement in petitioners' home because the circuit court facilitated that bonding when it originally placed A.W. in Respondent A.M.'s home. In regard to the final assignment of error, petitioners argue that the circuit court erred in denying them the opportunity to call an expert witness who would have provided testimony refuting that Respondent A.M. was the child's

psychological parent. Further, this witness would have offered testimony that the term "psychological parent" has fallen into disuse in the field over the past ten to fifteen years.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's decision to place A.W. with Respondent A.M. In regard to petitioner's first two assignments of error, we find it unnecessary to address whether West Virginia Code § 49-3-1(a)(3) applies equally to grandparents and great-grandparents. The circuit court ultimately placed the child with Respondent A.M. because it was in the child's best interest. We have previously held that

"West Virginia Code § 49–3–1(a)(3) provides for grandparent preference in determining adoptive placement for a child where parental rights have been terminated and also incorporates a best interests analysis within that determination by including the requirement that the DHHR find that the grandparents would be suitable adoptive parents prior to granting custody to the grandparents. The statute contemplates that placement with grandparents is presumptively in the best interest of the child, and the preference for grandparent placement may be overcome only where the record reviewed in its entirety establishes that such placement is not in the best interests of the child." Syl. pt. 4, *Napoleon S. v. Walker*, 217 W.Va. 254, 617 S.E.2d 801 (2005).

Syl. Pt. 2, *In re Aaron H.*, 229 W.Va. 677, 735 S.E.2d 274 (2012). Further, we have also held that "we explicitly recognize[] that a crucial component of the grandparent preference is that the adoptive placement of the subject child with his/her grandparents must serve the child's best interests. Absent such a finding, adoptive placement with the child's grandparents is not proper." *In re Elizabeth F.*, 225 W.Va. 780, 786, 696 S.E.2d 296, 302 (2010). Thus, even if the grandparents are found to be a suitable placement, circuit courts are not bound to order placement in their home if it would not be in the child's best interest.

3

In the proceedings below, the circuit court held multiple hearings in regard to A.W.'s permanent placement where multiple witnesses provided extensive testimony. Ultimately, the circuit court found that placement with Respondent A.M. was in the child's best interest for the following reasons: A.M. has made efforts to develop a strong sibling relationship between A.W. and her two brothers; A.M. is the only party able to provide A.W. with contact to both of her siblings; and A.M. has maintained close ties with family and friends who will serve as positive role models to the child and provide the advantage of an involved, extended family support system. Further, the circuit court considered multiple factors in finding that placement with petitioners would not be in the child's best interest, including the fact that petitioners failed to disclose certain facts to the individual that completed their home study. Such facts included complaints by the day care provider that B.B. had signs of bed bug bites, that bed bugs had come into the day care center, that B.B. had been the subject of an abuse and neglect proceeding, and that B.B. had been raised with an older sibling that now resides in Virginia and with whom he was exercising visitation.

The circuit court also considered testimony that petitioners smoke around the children in their home, that Petitioner N.B. struck her son during a physical altercation between A.W.'s parents, that Petitioner N.B. then posted her son's bond to secure his release from jail because she feared his actions if she did not, and that Petitioner N.B. harbored her son at a time when a felony warrant for his arrest was outstanding. Additionally, the circuit court considered the fact that the majority of the participants in the permanent placement review committee recommended placement with Respondent A.M. Based upon the circuit court's order, it is clear that it did not ignore the statutory preference for placement of children with grandparents, but instead found compelling evidence that placement with petitioners was not in the child's best interest. Because the evidence below supports the circuit court's finding, we find no error in the circuit court's decision to place the child with Respondent A.M.

In regard to petitioners' third assignment of error, the Court finds no error in the circuit court's decision to order separation of siblings because placement with respondent was based upon A.W.'s best interest. This is in keeping with our prior holdings, in which we have stated that "when addressing custody issues involving children, the best interests of the child trump all other considerations." *Brooke B. v. Ray*, 230 W.Va. 355, --, 738 S.E.2d 21, 27 (2013). The Court finds no merit in petitioners' argument that the circuit court was precluded from ordering separation simply because the DHHR did not file a petition seeking the same. West Virginia Code § 49-2-14(e) states, in pertinent part, that

> [w]hen a child is in a foster care arrangement and is residing separately from a sibling or siblings who are in another foster home or who have been adopted by another family and the parents with whom the placed or adopted sibling or siblings reside have made application to the department to establish an intent to adopt or to enter into a foster care arrangement regarding a child so that said child may be united or reunited with a sibling or siblings, the state department shall upon a determination of the fitness of the persons and household seeking to enter into a

foster care arrangement or seek an adoption which would unite or reunite siblings, and if termination and new placement are in the best interests of the children, terminate the foster care arrangement and place the child in the household with the sibling or siblings

As to petitioner's fourth assignment of error, the Court finds no error in the circuit court's findings related to A.W.'s placement in Respondent A.M.'s home being in the child's best interest because they are sufficient absent the finding that removal would disrupt the child. Petitioners argue that the circuit court was precluded from relying on the bonding between Respondent A.M. and the child because it previously placed A.W. in that home during the abuse and neglect proceedings. In support of their contention, petitioners rely on our prior holding from *In re Napoleon S. v. Walker*, 217 W.Va. 254, 617 S.E.2d 801 (2005). In that case, we stated that "[i]t is unreasonable to contend that the absence of bonding should be a legitimate basis for denying the grandparents an opportunity to adopt when the court system itself eliminated any potential for bonding when it terminated visitation rights [with those grandparents] . . . ." *Id.*, 217 W.Va. at 262, 617 S.E.2d at 809. The Court, however, finds this holding inapplicable because the child's father was unknown at the time of removal, and Respondent A.M.'s home was an appropriate placement. Further, the Court finds that sufficient evidence existed to find placement with A.M. was in the child's best interest absent consideration of any bonding between respondent and A.M. For these reasons, we find no error in the circuit court's findings of fact in this regard.

Lastly, the Court finds no merit in petitioners' allegation that the circuit court erred in finding that Respondent A.M. was the child's psychological parent. Petitioners contend that the circuit court erred in relying on lay witnesses to determine respondent's psychological parent status and also erred in denying petitioners the opportunity to provide testimony from an expert witness. The record shows that the circuit court denied the petitioner's request to allow their expert witness to testify by telephone for several reasons, including the late nature of the motion's filing and the fact that the expert's opinions were not reduced to writing until the day prior to the hearing. The circuit court also noted that another continuance in this matter regarding an opportunity for the expert to testify would not be appropriate. We have previously held that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 2, *State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010). Upon our review, the Court finds no error in the circuit court's decision to deny petitioners the opportunity to provide expert testimony for the reasons stated above. Further, the Court finds no error in the circuit court's findings as to Respondent A.M. being the child's psychological parent. Again, it is important to note that the circuit court's findings of fact relating to placement in Respondent A.M.'s home are sufficient absent the findings regarding Respondent A.M. being the child's psychological parent.

For the foregoing reasons, we find no error in the decision of the circuit court, and the order placing A.W. with Respondent A.M. is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II